The American State Bank of Bloomington, Illinois, Executor of Last Will and Testament of Christiana Wissmiller, Deceased, Appellee, v. Rosa Blum et al. Rosa Blum, Appellant.

Gen. No. 9,136.

Opinion filed January 24, 1939. Re-hearing denied April 4, 1939.

SCHNEIDER & SCHNEIDER and SIDNEY H. DILKS, all of Paxton, for appellant.

CARTER PIETSCH and C. N. COOLIDGE, both of Bloomington, for certain appellee.

MORRISSEY & MORRISSEY, of Bloomington, for certain other appellees; JOHN J. MORRISSEY, of counsel.

MR. PRESIDING JUSTICE RIESS delivered the opinion of the court.

Plaintiff appellee, The American State Bank of Bloomington, a corporation, executor of the last will and testament of Christiana Wissmiller, deceased, filed its complaint in the circuit court of McLean county seeking certain equitable relief, to which appellant Rosa Blum and numerous other defendants answered, and Rosa Blum filed a counterclaim also praying equitable relief. Answers thereto were filed and the cause, upon issues joined, was referred to and heard by a special master in chancery, whose report was approved, and objections thereto, standing as exceptions, were overruled by the court, and a decree entered in favor of the plaintiff, from which this appeal was taken.

It appears that Jacob Wissmiller died testate on or about the 10th day of July, 1913, owning in fee simple the southeast quarter of section 17, township 24 north, range 4 east of the third principal meridian, McLean county, Illinois, and other lands not directly involved in this proceeding.

His will and a subsequent codicil thereto were admitted to probate on August 22, 1913. The will devised the above described tract of real estate to his

son, John Wissmiller, subject to the payment of a legacy of $6,000 to Rosa Blum, one of testator's four daughters, to each of whom similar legacies were so given and made liens upon other lands therein described. He directed that said respective legacies of $6,000 each be paid to his daughters by his sons within 5 years from the first day of March next following his death and should bear interest at the rate of 5 per cent per annum from and after the first day of March next following after 2 years from his death until fully paid.

It was further provided that upon payment of such legacies, each of his daughters was to give a release or acquittance, executed in due form of law, to the devisee of said respective tracts, to be recorded and so evidence the satisfaction of said liens.

In a codicil to his will, he later devised the above described tract of land to his wife, Christiana Wissmiller, subject to the payment of said $6,000 legacy by her to the daughter, Rosa Blum, which was directed to be paid by his wife in like manner and upon the same terms as had been provided in his said will for the payment thereof by his son, John Wissmiller. All of the daughters except Rosa Blum later executed releases which were duly recorded.

Christiana Wissmiller went into possession of the real estate at Jacob's death in 1913 and held the property until she died testate on October 9, 1935. Her last will and testament made in 1930 was admitted to probate on December 2, 1935, and provided in substance that the American State Bank, executor and trustee under her will, was to sell and convert into money all property owned by her, including said farm and her home place in Bloomington, and that it distribute the proceeds in equal shares among her eight children or their respective descendants named in the will. Her said daughter, Rosa Blum, was to receive an eighth part as one of said distributees.

The bank, as executor, by virtue of the power and direction given under the will, offered the real estate in question at public auction. A purchaser, Mrs. Kraft, bid the sum of $24,204.60 for said tract, and after causing examination of the abstract of title, refused to complete the payment of the purchase price because there was no showing of record that the $6,000 legacy of Rosa Blum provided for by the will of Jacob Wissmiller had been paid, and the lien discharged. The bank then filed this suit.

The complaint alleges that said legacy was paid by Christiana Wissmiller or some one in her behalf and that no release of the lien was given, and in the alternative alleges that the lien of $6,000 has expired by lapse of time and is barred by laches and the statute of limitations, and that the bank is unable to complete its duties as executor and trustee because of the apparent record existence of the lien created by the will of Jacob Wissmiller, and prays that the lien be declared void and that Rosa Blum be barred and restrained from any right, title or interest in the premises. Rosa Blum and all children of Jacob Wissmiller or their surviving heirs were made parties defendant to the complaint, and all defendants except Rosa Blum filed answers admitting the allegations set forth therein. An answer and amended counterclaim was filed by Rosa Blum. After a motion to strike the amended answer and counterclaim of Rosa Blum was overruled, plaintiff answered the counterclaim, specifically pleading that the legacy sought to be declared an existing lien and ordered paid to Rosa Blum under her counterclaim, had been paid in full, or in the alternative was barred by the statute of limitations and laches.

After the issues were joined on the complaint and counterclaim and evidence was taken, Rosa Blum filed a motion to dismiss the original complaint of the plaintiff for want of jurisdiction, which motion was denied. The trial court entered a decree after the evidence had

been so heard by the special master and findings made by him in his report, which recommended denial of the relief prayed in the counterclaim of Rosa Blum; finding that the lien had expired by lapse of time and laches, and directed the bank, as executor, to proceed with the settlement of the estate of Christiana Wissmiller by completion of the sale and division of the proceeds according to the terms of her will.

The primary purpose of the executor in filing its suit was to determine whether the legacy was paid, and if not paid, whether it was barred by the statute of limitations or by estoppel on account of laches.

Upon the first question, it appears from the greater weight of the evidence that the defendant and counterclaimant, Rosa Blum, received from her mother the sum of $1,500 as part payment and credit upon her $6,000 legacy on the 29th day of February, 1916, as evidenced by her signed receipt therefor; that she received thereon in February, 1917, a further sum of $1,025 as evidenced by a check for said amount paid to her by her brother, John Wissmiller, since deceased, for the mother and received by Rosa Blum, as shown by her indorsement thereon. It further appears that the mother, Christiana Wissmiller, had been very diligent in procuring for her four daughters large amounts in addition to the legacies provided for in the will because she felt that they were not receiving a fair share out of the estate devised to the sons by their father, Jacob Wissmiller. To prevent litigation between the sisters and brothers, the mother, in 1913, brought them together at one of their homes and by her active intercession, brought about a settlement under the terms of which this defendant, Rosa Blum, was paid an additional sum of $9,000 by her brothers.

Between September 22, 1918, and March, 1920, after the above $1,500 and $1,025 credits were made on the $6,000 legacy by the mother to the daughter, within the year when the legacy became due on March 1, 1919,

the bank deposit records of the mother's account in evidence showed that there was deposited and withdrawn from her accounts an amount in excess of $8,000. No large deposits and no large withdrawals in her account appeared at any other period between 1914, when the account was opened, and 1931, when it was closed and she moved from her home in Bloomington to her daughter Mary's home in Normal, where she died in 1935.

The further circumstances may be noted that the mother, who had been active and circumspect in bringing about payment of various sums to and for the daughters, executed her own will in 1930, in which she expressly gave $1,000 to the daughter, Mary Sutter, on account of caring for her during illness and made express provisions for an equal division among all eight children or their respective descendants of the entire residue of her property to be equitably converted by her executor into cash, and so divided, including the farm in question and the home property in the city of Bloomington.

It does not appear from any competent evidence that during the many years after the $6,000 bequest became payable to Rosa Blum in 1919, she made or took any legal steps or efforts to collect the same prior to the death of her mother in 1935, or that for a period of more than one year thereafter she had either filed any claim against the estate or made any claim or mention to the executor in relation thereto.

It further so appears that upon subsequent inquiry by the executor as to whether or not she had been paid, she answered evasively and did not claim that she was not paid, but asked whether there was any proof that she had been paid; that when her brother and sister called at her home at Sibley, she again made no claim that she was not paid, but inquired of them if they had any proof that she had been paid. At these times there was every reason for her to speak out and

make or assert claims or that she present any unpaid claim which she may have had.

All of these and other circumstances in evidence tended to indicate that she had been paid or that if not paid, she had waited until those who knew the facts and circumstances had departed this life and would be prejudiced by any stale or paid up claim advanced by her that would otherwise be barred by the doctrine of laches or by the express provisions of the statute of limitations. When a party permits a debt to run, making no effort to collect it until the statute of limitations can be pleaded in bar of the action, he is in no position to call upon a court of equity to aid him upon slight proof; on the contrary, the evidence ought to be clear and satisfactory to overcome the bar of the statute.

It is insisted by the appellant that the provisions in the will of Jacob Wissmiller that the legacy was to bear interest until fully paid would operate to prevent the running of the statute or estoppel by laches. In the well reasoned opinion in the case of *McKeage v. Coleman*, 294 Ill. App. 232, 13 N. E. (2d) 662, and citations therein, where legacies were made payable by a devisee receiving real property under the will, it was held that the devisee did not become a testamentary trustee creating a relationship of trustee and *cestui que trust* whereby the bar of the statute would not operate, but that the payment of such legacy became an equitable lien or charge against the land in its nature similar or analogous to that of a mortgage and that when the same became due and payable under the terms of the will, the statute of limitations would begin to run, and that a failure to assert the legatee's claim for a sufficient length of time would, in equity, in the absence of circumstances excusing the same, render such a claim subject to estoppel by laches.

The master heard the testimony and found that the legacy of Rosa Blum had been fully paid. The master further found that the claim had, through the lapse of

time, become barred by laches. Objections to the master's report were overruled and standing as exceptions before the trial court, said exceptions were overruled.

We hold that the trial court was justified on the facts in this case in ruling that the legacy in question was in the nature of an equitable lien on the real estate in question as against the devisee and not as creating a trust relationship between said devisee and legatee and was therefore subject to the defense of estoppel by laches. Under the facts herein, the claim of Rosa Blum became fully due and payable on March 1, 1919, and the 10-year statute of limitations, Ill. Rev. Stat. 1937, ch. 83, ¶ 17 [Jones Ill. Stats. Ann. 107.276], then began to run, and the same was barred on March 1, 1929, during which period no suit was brought to enforce said claim and no credit was paid thereon, and no sufficient facts are shown by competent legal evidence to raise the bar of the statute in equity.

We further hold the doctrine of laches to apply because the condition of the parties had materially changed, and evidence necessary to establish any payment or nonpayment of the claim in question had been lost or rendered unavailable and incompetent by reason of the death of the testatrix and other witnesses who were conversant with the facts. When necessary material evidence is lost on account of the lapse of time whereby the interests of other persons become prejudiced, equity will not intervene to aid the one who has slept on his rights.

The defendant, Rosa Blum, did not establish by competent legal evidence the right to relief prayed in her counterclaim; hence we hold that the same was properly denied by the court.

The brief of appellant raises the further question as to whether or not the executor was vested with such title in the premises as would authorize him to seek the affirmative equitable relief prayed for in the com-

plaint or whether the executor possessed a naked power of sale only. If this case were submitted upon the original complaint and answers alone, it would become necessary for the court to pass upon that issue, but since the defendant, Rosa Blum, has filed her amended counterclaim directly raising the issue of whether or not her legacy remains in effect as an equitable lien against the lands in question and prayed for affirmative relief, coupled with a prayer for general relief, to which amended cross complaint, all parties having any interest in the real estate or under said will, have filed their respective answers upon which issues were joined, we hold that the court had jurisdiction of the subject matter and of the parties for the purpose of granting all necessary relief upon the issues involved.

No reversible error appearing in the record, the decree of the circuit court of McLean county will be affirmed.

*Decree affirmed.*